IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARGIN W. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:03cv924-SRW |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Margie W. Hill brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income and disability insurance benefits under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**BACKGROUND**

On September 21, 1999, plaintiff filed an application for disability insurance benefits and Supplemental Security Income. On June 28, 2001, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing. The ALJ rendered a decision on February 27, 2002, in which he found that plaintiff retains the capacity for work that exists in significant numbers in the national economy and is not under a disability

as defined in the Social Security Act. On July 24, 2003, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

The plaintiff challenges the Commissioner's decision, arguing that: (1) the ALJ erred by failing either to complete a Psychiatric Review Technique Form (PRTF) or to document application of the technique in his decision, (2) the ALJ failed to apply the treating

physician's rule properly, (3) the ALJ failed to pose a complete hypothetical question to the vocational expert, and (4) the ALJ failed to re-contact the plaintiff's treating medical provider as required by 20 C.F.R. §404.1512(e).  Because the court concludes that the ALJ erred in analyzing plaintiff's functional limitations as required by 20 C.F.R. §404.1520a, it reaches only the first of these issues.[1]

Specifically, plaintiff maintains that while the ALJ found that plaintiff has the severe impairment of bipolar disorder, he failed to evaluate her mental impairment and resulting functional limitations in the manner required by 20 C.F.R. §404.1520a.  The Eleventh Circuit has summarized the ALJ's responsibility as follows:

> [Social Security] regulations require the ALJ to use the "special technique" dictated by the PRTF [Psychiatric Review Technique Form] for evaluating mental impairments. 20 C.F.R. § 404.1520a-(c)(3-4).[2] This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a-(e)(2).
>
> \* \* \*
>
> [W]here a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions.  Failure to do so requires remand.

Moore v. Barnhart, 405 F.3d 1208 (11th Cir. 2005).  In Moore, the Eleventh Circuit reversed the judgment of the district court affirming the Commissioner's decision because of the

---

[1] The court anticipates that the Commissioner will consider these arguments on remand.

[2] The comparable provision in SSI cases is 20 C.F.R. § 416.920a.

3

ALJ's failure either to complete a PRTF or to incorporate its mode of analysis into his findings and conclusions, despite the Court's conclusion that the ALJ's credibility determination was adequate and that the ALJ's finding that Moore retained the residual functional capacity to perform her past relevant work was supported by substantial evidence. See id. at 1212, 1213.

In this case, although the ALJ found that the plaintiff suffered from the severe impairment of bipolar disorder (R. 22), he did not append a PRTF to his decision. The ALJ did, however, incorporate part of the analysis required by 20 C.F.R. § 416.920a in his written findings.  He considered the impact of plaintiff's bipolar disorder on her ability to function as follows:

> The claimant has mild limitations in her ability to respond appropriately to supervisors, co-workers, customers or other members of the general public; a mild limitation in her ability to use judgment in simple one or two step work related decisions, use judgment in detailed or complex work-related [decisions], members of the general public; a mild limitation in her ability to use judgment in simple one or two-step work related decisions, use judgment in detailed or complex work-related [decisions], deal with changes in a routine work setting, mild limitation in her ability to understand, remember and carry out simple one and two-step instructions, detailed or complex instructions, functioning and maintain activities of daily living (Exhibit 13F/4-5).

R. 23-4.

While this analysis sufficiently discusses plaintiff's activities of daily living; social functioning; and concentration, persistence or pace; it does not address the fourth functional

4

area, "episodes of decompensation." 20 C.F.R. § 404.1520a-(c)(3-4).[3] The government concedes as much, but maintains that this omission was "harmless error" in light of the fact that the ALJ found that plaintiff's mental impairment was effectively controlled by medication, her symptoms were in control, she was stable, and she testified that she was doing "O.K." or "fine." Memorandum in Support of the Commissioner's Decision at 9-10. However, the Eleventh Circuit rejected a similar harmless error contention in Moore. In that case, the Court explained:

> The ALJ failed to even analyze or document Moore's condition in two of the PRTF's functional areas: social functioning and prior episodes of decompensation. Because the ALJ's decision lacks consideration of these factors and their impact on his ultimate conclusion as to Moore's RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless.

Moore, 405 F.3d at 1214.[4] Thus, absent discussion by the ALJ of the effect, if any,[5] of

---

[3] "Episodes of decompensation are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." 20 C.F.R. Part 404, Subpart P. App. 1, § 12.00(C)(4).

[4] Compare, e.g., Querido v. Barnhart, 344 F.Supp.2d 236, 253-54 (D. Mass. 2004) (The ALJ failed to rate plaintiff's episodes of decompensation, but the error was insufficient for remand where there was no evidence in the record regarding episodes of decompensation and plaintiff decided not to follow through on psychological therapy).

[5] A psychiatric review technique form filled out by disability specialist Joe Haney on March 7, 2000, indicated that plaintiff had "never" had episodes of deterioration or decompensation in work settings. R. 135. However, the record in this case also includes reference to plaintiff's panic attacks, poor ability to deal with work stresses and maintain attention/concentration, history of termination from employment, projected rate of absence from future work of more than once a week, and the possibility of hallucinations or delusions in a full-blown manic stage. See R. 47-48, 173, 217, 219, 221, 225, 226, 228.

claimant's mental impairment on the fourth functional area, the court is unable to conclude that the ALJ's determination of plaintiff's residual functional capacity is supported by substantial evidence.

## CONCLUSION

Since plaintiff has presented a "colorable claim of mental impairment," id. at 1214, the ALJ's failure to conduct the full analysis required by 20 C.F.R. § 416.920a requires that this action be remanded to the Commissioner for further proceedings. Accordingly, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner with instructions to evaluate plaintiff's impairments as required by the applicable regulations. A separate judgment will follow.

DONE, this 3rd day of March, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE